**NOT FOR PUBLICATION**

```
            UNITED STATES DISTRICT COURT
               DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| DALMA S. EDWARDS,               :  | **Hon. Freda L. Wolfson** |
|                                 :  |  |
|     Petitioner,    :  | Civil Action No. 06-485 (FLW) |
|                                 :  |  |
|     v.             :  |  |
|                                 :  |  |
| CHARLES E. SAMUELS,             :  | **OPINION** |
|                                 :  |  |
|     Respondent.    :  |  |

**APPEARANCES:**

    DALMA S. EDWARDS, #54938-083
    F.C.I. Fort Dix
    P.O. Box 7000
    Fort Dix, New Jersey  08640
    Petitioner <u>Pro</u> <u>Se</u>

**WOLFSON**, District Judge

    Dalma S. Edwards filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging the supervised release portion of his federal sentence.  Petitioner thereafter filed a motion for summary judgment.  Having thoroughly reviewed Petitioner's submissions, this Court denies the motion and summarily dismisses the Petition for lack of jurisdiction.

### I.   BACKGROUND

    Petitioner challenges the imposition of three years of supervised release, in addition to a 78-month term of incarceration, by the United States District Court for the Eastern District of Virginia.  See <u>United States v. Edwards</u>,

Crim. No. 01-0070 (RGD) (E.D. Va. filed June 22, 2001).  On February 13, 2003, the Hon. Robert G. Doumar, U.S.D.J., entered a judgment, pursuant to a plea agreement, convicting Petitioner of theft of government property and money laundering, and sentencing him to two concurrent 78-month terms of imprisonment, three years of supervised release, restitution, fine and a special assessment.  (Id.)  Petitioner appealed and the United States Court of Appeals for the Fourth Circuit affirmed on March 23, 2004.

On February 13, 2004, Petitioner filed a motion to vacate pursuant to 28 U.S.C. § 2255.  On May 27, 2004, Judge Doumar granted Petitioner's motion to dismiss the § 2255 motion.  On April 4, 2005, Petitioner filed a second motion under 28 U.S.C. § 2255.  On May 17, 2005, Judge Doumar denied the second § 2255 motion, without prejudice to Petitioner's right to present his claims after obtaining an order from the united States Court of Appeals for the Fourth Circuit.  On June 7, 2005, Judge Doumar denied Petitioner's motion for reconsideration.  Petitioner appealed and on February 9, 2006, the Fourth Circuit dismissed the appeal for failure to prosecute.  On February 14, 2006, Judge Doumar granted Petitioner's motion to reopen and supplement his § 2255 petition, denied the motion after considering the merits, and denied a certificate of appealability.

Petitioner, who is now incarcerated at F.C.I. Fort Dix in New Jersey, filed this Petition under 28 U.S.C. § 2241 challenging the supervised release portion of his sentence. Specifically, he asserts:

> Following a guilty verdict by plea agreement . . . , the District Court pronounced a sentence and entered judgement of 78 months incarceration followed by (3) years of "Supervised release." The Petitioner asserts that in light of the fact that the District Court sentenced him to serve (78) months incarceration then sentenced again to a second "punishment" of (3) years Supervised Release, the Petitioner's sentence; "the way it is being executed," is unconstitutional. The District Court lacks any authority to punish a defendant twice for the same offense; and therefore the Warden (Charles E. Samuels); by forcing the Petitioner to serve his sentence in this unconstitutional and unlawful manner, is violating his Fifth Amendment Constitutional rights.

(Mem. in Support of Petition at 1-2.) Similarly, in his motion for summary judgment, Petitioner argues that there are no material facts in dispute and that he is entitled to judgment on his claim as a matter of law.

## II. DISCUSSION

A. Standard of Review

"Habeas corpus petitions must meet heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994). A petition must "specify all the grounds for relief" and set forth "facts supporting each of the grounds thus specified." See 28

3

U.S.C. § 2254 Rule 2(c) (amended Dec. 1, 2004), applicable through Rule 1(b).

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland, 512 U.S. at 856; see also United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000); Siers v. Ryan, 773 F.3d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989).  Habeas Rule 4 requires the Court to examine a petition prior to ordering an answer and to summarily dismiss the petition if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  28 U.S.C. § 2254 Rule 4, applicable through Rule 1(b).

B.  Jurisdiction

Section 2241 of Title 28 of the United States Code provides in relevant part:

> (c) The writ of habeas corpus shall not
> extend to a prisoner unless- . . . He is in
> custody in violation of the Constitution or
> laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

As a result of the practical difficulties encountered in hearing a challenge to a federal sentence in the district of confinement rather than the district of sentence, in its 1948 revision of the Judicial Code, Congress established a procedure whereby a federal prisoner might collaterally attack his sentence in the sentencing court.  See 28 U.S.C. § 2255; Davis v. United

4

States, 417 U.S. 333, 343-44 (1974); United States v. Hayman, 342 U.S. 205, 219 (1952). Section 2255 provides in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255, ¶ 1.

Generally, a challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255. Davis v. United States, 417 U.S. 333 (1974); Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). This is because § 2255 expressly prohibits a district court from entertaining a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is "inadequate or ineffective" to test the legality of the petitioner's detention.[1] See 28 U.S.C. § 2255. Specifically, paragraph five of § 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for

---

[1] The "inadequate or ineffective" language was necessary because the Supreme Court held that "the substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention does not constitute a suspension of the writ of habeas corpus." Swain v. Pressley, 430 U.S. 372, 381 (1977).

5

>          relief by motion pursuant to this section,
>          shall not be entertained if it appears that
>          the applicant has failed to apply for relief,
>          by motion, to the court which sentenced him,
>          or that such court has denied him relief,
>          unless it also appears that the remedy by
>          motion is inadequate or ineffective to test
>          the legality of his detention.

28 U.S.C. § 2255, ¶ 5; see Cradle v. U.S. ex rel. Miner, 290 F.3d 536 (3d Cir. 2002); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997); Millan-Diaz v. Parker, 444 F.2d 95 (3d Cir. 1971); Application of Galante, 437 F.2d 1164 (3d Cir. 1971) (per curiam); United States ex rel. Leguillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954).

A § 2255 motion is inadequate or ineffective, authorizing resort to § 2241, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle, 290 F.3d at 538. "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Id. "Section 2255 is not 'inadequate or ineffective' merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." Id. at 539.

In In re Dorsainvil, 119 F.3d at 251, the Third Circuit applied the "inadequate or ineffective" test to a § 2241 claim challenging a sentence on the basis of a change of substantive law that occurred after Dorsainvil's first § 2255 motion was decided.[2]  The Third Circuit first determined that Dorsainvil could not raise the Bailey claim in a successive § 2255 motion because the AEDPA restricted successive § 2255 motions to constitutional claims.  However, the court held that, in this narrow situation where Dorsainvil had no other opportunity to raise the claim, § 2255 was inadequate and ineffective.  The Court reasoned:

> Dorsainvil does not have and, because of the circumstances that he was convicted for a violation of § 924(c)(1) before the Bailey decision, never had an opportunity to challenge his conviction as inconsistent with the Supreme Court's interpretation of § 924(c)(1).  If, as the Supreme Court stated in [Davis v. United States, 417 U.S. 333 (1974)], it is a "complete miscarriage of justice" to punish a defendant for an act that the law does not make criminal, thereby warranting resort to the collateral remedy

---

[2] Dorsainvil claimed that he was actually innocent of "use of a firearm" after the Supreme Court held in Bailey v. United States, 516 U.S. 137 (1995), that the crime, "use of a firearm," does not reach certain conduct.  The Supreme Court later ruled that the court's interpretation of the statute in Bailey applied retroactively under § 2255 to convictions that were final.  See " Bousley v. United States, 523 U.S. 614 (1998).  "[D]ecisions of [the Supreme Court] holding that a substantive federal criminal statute does not reach certain conduct . . . necessarily carry a significant risk that a defendant stands convicted of 'an act that the law does not make criminal.'"  Id. at 620 (1998) (quoting Davis v. United States, 417 U.S. 333, 346 (1974)).

7

> afforded by § 2255, it must follow that it is the same "complete miscarriage of justice" when the AEDPA amendment to § 2255 makes that collateral remedy unavailable. In that unusual circumstance, the remedy afforded by § 2255 is "inadequate or ineffective" to test the legality of [Dorsainvil's] detention.

Dorsainvil, 119 F.3d at 251 (quoting Davis v. United States, 417 U.S. 333, 346-47 (1974)).

The Third Circuit emphasized the narrowness of its holding:

> We do not suggest that § 2255 would be "inadequate or ineffective" so as to enable a second petitioner to invoke § 2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. Such a holding would effectively eviscerate Congress's intent in amending § 2255. **However, allowing someone in Dorsainvil's unusual position - that of a prisoner who had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate, even when the government concedes that such a change should be applied retroactively - is hardly likely to undermine the gatekeeping provisions of § 2255.**

Dorsainvil at 251 (emphasis added).

In this case, Petitioner argues that the imposition of a three-year term of supervised release after a 78-month term of imprisonment was unconstitutional. It is clear that this claim is within the scope of claims that are cognizable under § 2255. However, Petitioner has not demonstrated that "some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful

8

detention claim." Cradle, 290 F.3d at 538.  Because the sentencing court "could have entertained the prisoner's claim, inquired fully into the facts and granted the very relief the prisoner is seeking," § 2255 is not inadequate or ineffective and this Court lacks jurisdiction over Petitioner's challenge to his sentence.  Leguillou, 212 F.2d at 684.  This Court will deny Petitioner's motion for summary judgment and dismiss the Petition for lack of jurisdiction.

### III.   CONCLUSION

Because § 2255 is not inadequate or ineffective for Petitioner's claim, this Court lacks jurisdiction under § 2241. The Court denies the motion for summary judgment and dismisses the Petition.


                                    s/Freda L. Wolfson
                                **FREDA L. WOLFSON, U.S.D.J.**


Dated:   March 16, 2006